# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN JAIRO GALVIN VIANCHA, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:26-cv-59-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

In his Verified Petition for Habeas Corpus and Declaratory Action, John Jairo Galvin Viancha challenges as unconstitutional and otherwise unlawful a detainer that U.S. Immigration and Customs Enforcement lodged against him while he was in state custody in connection with then-pending "state criminal charges" on the grounds that it was issued without adequate process and none of the charged state offenses "constitute[d] an aggravated felony, a crime involving moral turpitude, a crime of domestic violence, or any other offense that would render [him] removable under 8 U.S.C. § 1227" if convicted. Dkt. No. 1 at 14–15 ¶¶ 45–46. He likewise challenges the regulation under which the detainer was authorized. To the extent Mr. Galvin Viancha seeks a writ of habeas corpus, his petition is denied as moot. And to the extent he seeks injunctive and declaratory relief under the Administrative Procedure Act and the Declaratory Judgment Act, his claims are dismissed as moot.[1]

In general, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631

---

[1] Because the court concludes that this matter is moot, it need not decide whether declaratory relief is an available remedy for a petition for a writ of habeas corpus—the original purpose of which was, after all, "simply" to "contest[] the lawfulness of restraint and secur[e] release," *DHS v. Thuraissigiam*, 591 U.S. 103, 117 (2020)—or whether a habeas corpus petition can properly be joined with claims for injunctive and declaratory relief under other statutes.

(1979). Where, as here, a petitioner seeks only prospective relief, mootness requires that (1) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation" and (2) "there is no reasonable expectation that the alleged violation will recur." *Id.* (cleaned up).

      Mr. Galvin Viancha does not dispute that he is no longer in custody and that the challenged detainer has been withdrawn. *See* Dkt. No. 18. He has also notified the court that the state criminal charges against him have been dismissed. *See* Dkt. No. 20. The court has little difficulty concluding that these interim events have completely and irrevocably eradicated the effects of the unlawful conduct he alleges—detention resulting from an ICE detainer, issued without adequate process in accordance with an invalid regulation, based on pending criminal charges that do not justify detention under the immigration laws. And absent anything more than "speculation or conjecture" that Mr. Galvin Viancha might be charged with and arrested for other crimes in the future that do not justify detention under the immigration laws (or, at the very least, taken into custody by a law enforcement agency other than ICE) and then held in custody only because of a new ICE detainer, *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022), there is no "reasonable expectation that the alleged violation will recur," *Davis*, 440 U.S. at 631; *see also O'Shea v. Littleton*, 414 U.S. 488, 497 (1974).

      To be sure, Mr. Galvin Viancha argues that the matter is not moot because it was resolved purely by ICE's "voluntary cessation"—that is, its withdrawal of the challenged detainer. Dkt. No. 18 at 2. But although a defendant's voluntary cessation of challenged conduct can create an "exception to a claim of mootness," it does so only if "the defendant is free to resume" the conduct "at any time." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010). Here, that exception does not apply because *state prosecutors*,

who are not party to this action, dismissed the criminal charges on which the detainer was based. It follows that the complained-of basis for detention could recur only if prosecutors again charge Mr. Galvin Viancha with offenses that do not justify detention under the immigration laws and he is again arrested in connection with those charges—or, at a minimum, he is again taken into custody by a law enforcement agency other than ICE—*and* ICE lodges another detainer. Respondents are not, in other words, free to reimpose the challenged detention unless Mr. Galvin Viancha is first taken into law-enforcement custody again based on the decisions and actions of third parties not before the court, which is at most a "speculative contingency." *Id.* at 1117.

Finally, although Mr. Galvin Viancha seeks attorney's fees, it is well settled that "a claim of entitlement to attorney's fees does not preserve a moot cause of action." *Dahlem by Dahlem v. Board of Educ. of Denv. Pub. Schs.*, 901 F.2d 1508, 1511 (10th Cir. 1990).

*   *   *

For the foregoing reasons, the court concludes that Docket Number 1, Mr. Galvin Viancha's Verified Petition for Habeas Corpus and Declaratory Action, no longer presents a live case or controversy. To the extent Mr. Galvin Viancha seeks a writ of habeas corpus, his petition is **DENIED AS MOOT**. And to the extent he seeks injunctive and declaratory relief under the Administrative Procedure Act and the Declaratory Judgment Act, his claims are **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 13th day of March, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge